UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HERVIC ST. LOUIS, A# 74-239-043,

                Petitioner,

                                          **DECISION AND ORDER**
     v.                                  10-CV-951A

MARTIN HERON et al.,

                Respondents.

---

      On November 24, 2010, petitioner Hervic St. Louis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his continued immigration detention. On February 7, 2011, respondents filed papers in opposition to the petition. Respondents argue that petitioner's detention should continue under 8 U.S.C. § 1231(a)(1)(C) because he has hindered his removal by failing to provide information that the British Consulate needs to confirm his identity and to issue a travel document. As part of their opposition to petitioner's petition, respondents have filed some of the documents that make up petitioner's immigration file. (*See generally* Dkt. No. 4-2.)

      Upon review of all of the documents filed so far, the Court finds that it needs more detail about the extent to which petitioner allegedly has hindered his removal. For example, the case comments from petitioner's immigration file

suggest that petitioner has provided information that either did not lead to a successful search for a birth certificate or that was demonstrably false. The case comments further indicate that petitioner refused to give consent to release certain school records that might help confirm his identity. Finally, petitioner's immigration file seems to note that petitioner has relatives in Great Britain who are not helping to confirm petitioner's identity, which would allow a travel document to issue. This information seems to lend weight to respondent's argument in favor of continued detention, but the Court cannot tell whether it has received all available information about exactly what the British Consulate still needs to issue a travel document and why those needs remain outstanding.

Accordingly, the Court directs respondents to file supplemental briefing within 30 days of entry of this Decision and Order that provides the following information:

1. The exact information that the British Consulate currently needs to issue a travel document.

2. A complete listing of information that petitioner has provided since his immigration custody began on May 21, 2010 that relates to the British Consulate's needs but has proven to be false or unverifiable. This listing shall include respondents' assessment of the extent to which petitioner has been providing false or unverifiable information intentionally.

3. To the extent that petitioner has family members who have refused to help respondents gather information to obtain a travel document, respondents shall clarify whether they are holding petitioner responsible for such refusals and if so, why.

4. A complete listing and chronology of every time since May 21, 2010 when respondents asked petitioner for information relating to the British Consulate's needs, and petitioner refused to provide that information.  This listing and chronology shall include refusals to sign documents if the British Consulate needed those documents.

Petitioner shall file any responding papers within 30 days of the filing of respondents' supplemental briefing.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 9, 2011